# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Brussels
Hong Kong
Houston
London
Los Angeles
San Francisco
Tokyo
Toronto
Washington, DC
Wilmington

1285 Avenue of the Americas
New York, NY 10019-6064
+1 212 373 3000

**Alison R. Benedon**
**Direct Dial:** +1 212 373 2009
**Email:** abenedon@paulweiss.com

<u>**VIA ECF**</u>

June 1, 2026

Hon. Valerie E. Caproni
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  *Genius Group Ltd*. v. *Citadel Securities LLC, et al.*,
     No. 1:25-cv-09546-VEC (S.D.N.Y.)

Dear Judge Caproni:

We write on behalf of Defendants Virtu Americas LLC and Citadel Securities LLC pursuant to the Court's May 15, 2026 Order.  Dkt. 36.  If the Court denies Genius Group Limited's ("Genius" or "Plaintiff") Motion for Appointment as Lead Plaintiff ("Motion"), Dkt. 27, Genius remains free to pursue its claims individually, but there is no basis for the type of do-over Plaintiff's counsel is requesting.  The Court should not reopen the lead plaintiff process.

No other investor sought appointment during the PSLRA notice period.  Reopening the process would allow Genius's counsel to recruit a preferred substitute plaintiff—directly contradicting the PSLRA's principal objective of ensuring that securities class actions are driven by investors with genuine financial stakes, rather than by counsel.  The PSLRA does not create a second opportunity for a suitable candidate to emerge—or for counsel to recruit a new plaintiff—when none did so in the first instance.  Courts confronting an inadequate sole applicant have thus routinely declined to reopen the lead plaintiff process.  Accordingly, Plaintiff's request to withdraw its lead plaintiff application and reopen the appointment process should be denied, and the parties should brief the merits of Genius's claims per the schedule set forth below.

**Background**.  Genius is a penny-stock issuer with a long history of misconduct.  *See* Dkt. 31 at 4-7, 20-21.  On November 14, 2025, Genius filed a putative class action complaint

alleging that its stock's poor performance is due to Defendants' purported "spoofing." Dkt. 1.

On November 17, 2025, Genius published a notice instructing investors who "wish[ed] to serve as lead plaintiff" to move this Court by January 16, 2026. *See* Dkt. 29-3. Genius also filed a press release and Form 6-K,[1] and several media outlets reported on Genius's complaint.[2]

No other investor sought lead plaintiff status. On January 16, 2026, Genius moved to be appointed lead plaintiff. Dkt. 27. On January 20, 2026, Defendants opposed Genius's Motion, contending that Genius would be an inadequate and atypical lead plaintiff. Dkt. 31. In the following months, no other investor moved to intervene, sought to be appointed lead plaintiff, or filed a competing complaint.

On May 15, 2026, the Court ordered the parties to confer about next steps should the Court deny Genius's Motion. Dkt. 36. Plaintiff's counsel informed Defendants that they intend to "withdraw" Genius's Motion, ask the Court to "reopen" the lead plaintiff process, and locate a different investor to seek lead plaintiff status.

**Argument**. Because Congress enacted the PSLRA to "prevent 'lawyer-driven' litigation," the statute "carefully sets forth the procedure" for promptly appointing a lead plaintiff. *Peters* v. *Jinkosolar Holding Co.*, 2012 WL 946875, at *4 (S.D.N.Y. Mar. 19, 2012). The PSLRA provides that "not later than 60 days after … the notice [of the action] is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). That deadline passed on January 16, 2026, and the PSLRA *does not* provide any mechanism to "redo" or "reopen" the lead plaintiff process if the sole applicant is rejected.

Judge Broderick faced this identical question in *McCormack* v. *Dingdong (Cayman) Ltd.*, where plaintiff's counsel moved to reopen the lead plaintiff-appointment process after the court rejected the sole applicant. 2023 WL 3750162 (S.D.N.Y. June 1, 2023). Judge Broderick rejected the request because "Congress contemplated invoking the PSLRA's lead plaintiff process only once—at the very beginning of the suit," and reopening the process "at

---

[1] https://ir.geniusgroup.net/news-events/press-releases/detail/214/genius-group-files-federal-securities-class-action-lawsuit;
https://ir.geniusgroup.net/sec-filings/all-sec-filings/content/0001493152-25-023767/0001493152-25-023767.pdf

[2] https://www.law360.com/articles/2412280;
https://news.bloomberglaw.com/litigation/citadel-virtu-manipulated-genius-groups-stock-price-suit-says;
https://www.nasdaq.com/press-release/genius-group-files-federal-securities-class-action-lawsuit-against-citadel-securities

the request of the law firm … is contrary to the principal goal of the PSLRA: that securities actions should be driven by investors, and not class action counsel." *Id*. at *2–3.

*McCormack* reflects the prevailing approach and is directly applicable here. Courts routinely hold that, where no adequate lead plaintiff seeks appointment by the statutory deadline, cases must "proceed on an individual basis." *Bosch* v. *Credit Suisse Grp. AG*, 2022 WL 4285377, at *7 (E.D.N.Y. Sept. 12, 2022); *Guo* v. *Tyson Foods, Inc.*, 2022 WL 5041798, at *6 (E.D.N.Y. Sept. 30, 2022); *Chang* v. *Customers Bancorp, Inc.*, 2025 WL 1748357, at *5 (E.D. Pa. June 24, 2025).

Plaintiff's counsel does not get a second bite at the apple by withdrawing the only pending lead plaintiff application. *See Garbowski* v. *Tokai Pharms., Inc.*, 302 F. Supp. 3d 441, 444, 457 (D. Mass. 2018) (refusing to reopen lead plaintiff process given defendants' "legitimate interest in knowing as soon as now possible whether this case will continue as a putative class action"). Moreover, Plaintiff's counsel's proposal has no limiting factor—they could continue to search for and propose investors indefinitely until an "adequate" lead plaintiff is finally appointed. That is plainly "contrary to the principal goal of the PSLRA." *McCormack*, 2023 WL 3750162, at *3.

Plaintiff's counsel points to this Court's decision in *Christiansen* v. *Spectrum Pharmaceuticals*, 2025 WL 2234041 (S.D.N.Y. Aug. 4, 2025). *Christiansen* involved an "unusual situation" where the Court had already appointed a lead plaintiff—after a contested process—who litigated for nearly two years before being disqualified. *Id*. at *2-4. The Court conducted an abbreviated lead plaintiff process rather than appoint an intervening complainant who was hand-picked by counsel and who had filed a complaint in anticipation of a motion to disqualify. *Id*. at *4. In reaching that decision, the Court relied on cases involving a court-appointed lead plaintiff who withdrew after years of litigation, and distinguished cases where "the original lead plaintiff appointment process was not competitive." *Id*. Here, no absent class members have relied on a court-appointed lead plaintiff to prosecute their claims, and no other investors have expressed interest in serving as lead plaintiff.

**Conclusion**. The Court should not reopen the lead plaintiff process and this case should proceed, if at all, on an individual basis under the following schedule:

- 7 days following resolution of the Motion: Genius to file amended complaint or designate the current complaint as operative;

- 30 days later: Defendants move to dismiss;

- 30 days later: Genius opposes Defendants' motion(s); and

- 15 days later: Defendants file reply brief(s).

Sincerely,


/s/ Jonathan K. Youngwood
Jonathan K. Youngwood
Meredith Karp
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-2000
jyoungwood@stblaw.com
meredith.karp@stblaw.com


/s/ William A. Burck
William A. Burck
Avi Perry
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8330
williamburck@quinnemanuel.com
aviperry@quinnemanuel.com


Peter H. Fountain
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, New York 10016
Tel: (212) 849-7000
peterfountain@quinnemanuel.com


*Attorneys for Citadel Securities LLC*

/s/ Alison R. Benedon
Audra J. Soloway
Alison R. Benedon
Daniel S. Sinnreich
Daniel Negless
Paul, Weiss, Rifkind, Wharton
& Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3000
asoloway@paulweiss.com
abenedon@paulweiss.com
dsinnreich@paulweiss.com
dnegless@paulweiss.com


*Attorneys for Virtu Americas LLC*


cc:    All Counsel of Record (via ECF)