

123 Justison Street
7th Floor
Wilmington, DE 19801
tel: 302.622.7000
fax: 302.622.7100

485 Lexington Avenue, 29th Floor, New York, NY 10017          tel: 646.722.8500  fax: 646.722.8501

30 N. LaSalle Street
Suite 2350
Chicago, IL 60602
tel: 312.610.5350
fax: 312.214.0001

2325 Third Street
Suite 329
San Francisco, CA 94107
tel: 415.229.9720
fax: 415.789.4367

3600 Clipper Mill Road
Suite 240
Baltimore, MD 21211
tel: 410.204.1045

5 Christy Drive
Brandywine Two, Suite 200
Chadds Ford, PA 19317
tel: 610.228.7700

www.gelaw.com

Abe Alexander
Principal
+1 (917) 621-3649
aalexander@gelaw.com

June 1, 2026

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

Re:    *Genius Group Limited v. Citadel Securities LLC and Virtu Americas LLC*,
       Case No. 1:25-cv-09546 (VEC)

Dear Judge Caproni:

Pursuant to the Court's Order (ECF 36), Plaintiff Genius Group Limited ("Genius") respectfully requests that the Court enter an order: (1) granting Genius leave to withdraw its lead plaintiff application; and (2) reopening the application process for 30 days following newly-issued notice soliciting applications from putative class members not affiliated with the issuer. Plaintiff's proposal mirrors the approach adopted by this Court in *Christiansen v. Spectrum Pharmaceuticals, Inc.*, 2025 WL 2234041 (S.D.N.Y. Aug. 4, 2025), and numerous courts across the country. The parties have met and conferred, but were unable to reach agreement, as Defendants incorrectly maintain that the Court lacks authority to reopen the lead plaintiff process.

## I.    The Court Should Reopen the Lead Plaintiff Process for 30 days

Although Genius believes it is qualified to lead the Class, it also believes the Class' interests are best served by appointment of a lead plaintiff with whom the Court is unreservedly comfortable. Accordingly, Genius respectfully requests that the Court grant Genius leave to withdraw its motion for appointment and, as in *Christiansen*, reopen the process for 30 days during which investors unaffiliated with Genius may seek appointment. Genius is determined that the Court should have the utmost confidence in its selection of lead plaintiff and submits that its proposal is the most efficient and prudent path forward.

As this Court pointed out in *Christiansen*, Plaintiff's proposal to reopen the lead plaintiff process is consistent with both the PSLRA and the slew of authority recognizing that district courts

Page 2

retain broad discretion to manage the lead plaintiff process when a candidate withdraws, is disqualified, or found inadequate. 2025 WL 2234041 at *5. As courts have repeatedly explained, the PSLRA is silent regarding the proper procedure in such circumstances, and courts therefore routinely exercise their inherent authority to fashion procedures that protect the interests of the putative class. *See, e.g*, *Fort Worth Emps' Ret. Fund v. J.P. Morgan Chase & Co.*, 862 F. Supp. 2d 322, 326 (S.D.N.Y. 2012) (reopening process to new movants following lead plaintiff withdrawal and noting that the PSLRA "is silent as to the procedure for substituting a lead plaintiff"); *In re Imax Sec. Litig.*, 2011 WL 1487090, at *2 (S.D.N.Y. April 15, 2011) (reopening the process after finding the lead plaintiff inadequate and appointing a movant who had not moved during the original notice period); *see also Scheller v. Nutanix, Inc*., 2021 WL 2410832, at *2–3 (N.D. Cal. June 10, 2021) (reopening process to new movants, reasoning that PSLRA is "entirely silent" regarding lead plaintiff substitution and courts retain discretion to accept new applications); *In re Snap Inc. Sec. Litig*., 394 F. Supp. 3d 1156, 1159 (C.D. Cal. 2019) (holding that withdrawal of the lead plaintiff required reopening process to new movants); *In re Williams Sec. Litig*., 2004 WL 7333536, at *1–3 (N.D. Okla. Nov. 17, 2004) (rejecting argument that only initial applicants could be considered following lead plaintiff's withdrawal and permitting reissuance of notice and reopening of the application process); *In re Initial Pub. Offering Sec. Litig*., 214 F.R.D. 117, 120 (S.D.N.Y. 2002) (recognizing that the PSLRA is "entirely silent" regarding procedures following withdrawal of a lead plaintiff and exercising the court's discretion to appoint new movants).

Reopening the application process to new movants is particularly appropriate here. Genius – the issuer itself – commenced this class action, alleged losses arising from sales of ***millions*** of shares, and, at the outset of the notice period, publicly stated that it would seek lead plaintiff appointment in order to "diligently work to protect its shareholders' interests." Given Genius's substantial financial interest in the litigation and stated intention to attempt to lead it, it is unsurprising that other investors may have refrained from coming forward. Notably, however, numerous investors have since contacted Genius's counsel, expressed interest in the litigation, and reported losses during the Class Period. Accordingly, Genius is confident that reopening the process will yield additional movant(s).

## II.    Defendants' Assertion that the Court Lacks Authority to Reopen the Lead Plaintiff Application Process Is Unsupported

Defendants assert that the Court lacks authority to reopen the lead plaintiff application process once the initial application period has concluded. According to Defendants, denial or withdrawal of Genius's lead plaintiff motion forever forecloses the claims against them from proceeding as a class action; the practical effect (and likely intended aim) of Defendants' position is that nearly all of Genius's investors will be barred from seeking redress.

Defendants' position is wholly inconsistent with the mountain of authority, including this Court's decision in *Christiansen*, holding that courts not only may, but ***should***, reopen the lead plaintiff process in cases of withdrawal or disqualification, consistent with their inherent power to

Page 3

protect the putative class. Defendants argue that courts may "reopen" the process only to appoint applicants during the initial notice period. But this is illogical. If a court could *only* substitute one extant movant for another, it would make no sense for it to publish new notice soliciting new applicants that it would be barred from considering. Indeed, in *Christiansen*, this Court ordered publication of new notice precisely because it did *not* want its choices to be limited to initial applicants. 2025 WL 2234041, at *4.

Defendants' reliance on *McCormack v. Dingdong (Cayman) Ltd.*, 2023 WL 3750162 (S.D.N.Y. June 1, 2023) is misplaced. There, the court emphasized that reopening the application process would likely be fruitless, as "significant effort" had already been made to identify a lead plaintiff, including amplification of published notice by numerous law firms. *Id.* at 3. Nevertheless, only one movant emerged, claiming losses of just $504.40.   *Id.* at 2. Here, by contrast, the absence of competing movants is not an unequivocal sign of investor disinterest, but rather, as discussed above, a function of Genius's clearly communicated intention to seek to lead the case, given its substantial losses. And, also unlike *McCormack*, Plaintiff's counsel were contacted by numerous Genius investors following the Complaint's filing, giving Genius reason to believe additional movant(s) will emerge if the Court reopens the process.

Respectfully submitted,

*/s/ Abe Alexander*
Abe Alexander

*Counsel for Genius*

cc:      All Counsel of Record via ECF