

123 Justison Street
7th Floor
Wilmington, DE 19801
tel: 302.622.7000
fax: 302.622.7100

30 N. LaSalle Street
Suite 2350
Chicago, IL 60602
tel: 312.610.5350
fax: 312.214.0001

2325 Third Street
Suite 329
San Francisco, CA 94107
tel: 415.229.9720
fax: 415.789.4367

3600 Clipper Mill Road
Suite 240
Baltimore, MD 21211
tel: 410.204.1045

5 Christy Drive
Brandywine Two, Suite 200
Chadds Ford, PA 19317
tel: 610.228.7700

www.gelaw.com

485 Lexington Avenue, 29th Floor, New York, NY 10017          tel: 646.722.8500  fax: 646.722.8501

Abe Alexander
Principal
+1 (917) 621-3649
aalexander@gelaw.com

July 1, 2026

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:    *Genius Group Limited v. Citadel Securities LLC et al.*, No. 1:25-cv-9546-VEC

Dear Judge Caproni:

We write on behalf of Plaintiff Genius Group Limited ("Genius") in response to the June 29, 2026 letter submitted by Defendants Citadel Securities LLC and Virtu Americas LLC (together, "Defendants") (ECF No. 42, the "Letter"), which asks the Court to delay administrative closure of this Action following Genius' Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) (ECF No. 41, the "Notice of Voluntary Dismissal").   For the reasons below, Genius respectfully submits that the request to delay closure should be denied and the matter should proceed to administrative closure in the ordinary course.

### I.    The Action Has Already Been Dismissed and Defendants Cite No Authority for Keeping the Docket Open

As an initial matter, this Action was dismissed the moment Genius filed its Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) ("Rule 41"). Rule 41(a)(1)(A)(i) provides that a plaintiff "may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."   Fed. R. Civ. P. 41(a)(1)(A)(i).   Because Defendants had served neither an answer nor a motion for summary judgment, Genius' dismissal was self-executing and became effective immediately upon filing.

Administrative closure is simply the next step following a dismissal that has already taken effect under Rule 41.   Defendants cite no authority authorizing a court to suspend the effect of a

Hon. Valerie E. Caproni
July 1, 2026
Page  2

self-executing dismissal or to keep a dismissed case open because they disagree with a plaintiff's decision to voluntarily dismiss.   Rule 41 provides no basis for such relief.

## II.      Defendants' Accusations Regarding the Florida Action Are Wholly Unfounded

Unable to identify any legal basis for delaying the administrative closure of this dismissed Action, Defendants instead suggest that the complaint filed in *Reynolds v. Citadel Securities LLC and Virtu Americas LLC*, No. 1:26-cv-24485 (S.D. Fla.) (the "Florida Action") was somehow improper.   Respectfully, that suggestion is not supported by the record or applicable authority.

On June 18, 2026, this Court issued a narrow procedural ruling that Genius could not serve as lead plaintiff in this Action and that the PSLRA lead plaintiff process could not be reopened in this Action.   *See* ECF No. 40, the "June 18 Order".   The Court did not—and could not—hold that absent class members are forever barred from exercising their independent rights under the PSLRA to commence their own securities class action.   Defendants characterize the Court's June 18 Order as though it prohibited any future putative class action arising from the same underlying facts.   It did no such thing.   Rather, the Court resolved only who could proceed as lead plaintiff in this Action.

Defendants also incorrectly characterize the Florida Action as "materially identical" to this Action.   Letter at 1.   It is not.   As Defendants' "Comparison of Complaints" (ECF No. 42-2) demonstrates, the Florida Action was filed by a different plaintiff, asserts a materially different class definition encompassing both purchasers and sellers of Genius stock during the relevant period, and alleges additional theories of harm.   Aron Reynolds, Genius investor and plaintiff in the Florida Action, therefore had the independent right to file the Florida Action regardless of whether Genius maintained this Action in New York.   Likewise, Genius remains free to exercise its own rights as an absent class member in any subsequently certified class.   Nothing in the Court's June 18 Order suggests otherwise.

The forum selected for the Florida Action is likewise entirely proper.   It was filed in a jurisdiction where Defendant Citadel Securities LLC is headquartered and Defendant Virtu Americas LLC maintains a major place of business, and where relevant witnesses and documents are likely to be located.   In short, a new plaintiff filed a new action asserting different claims on behalf of a different putative class in a proper forum.   There is nothing improper or impermissible about that.   Defendants may prefer not to defend a putative class action, but they cannot expand this Court's narrow procedural ruling into a prohibition on absent class members exercising their independent rights under the PSLRA.

This course of action also promotes judicial efficiency.   Rather than maintaining parallel proceedings in two federal courts, Genius exercised its Rule 41 right to voluntarily dismiss this Action before any merits rulings or discovery occurred, allowing any class claims to proceed, if at all, in a single forum.   This Court has made no merits rulings, no discovery has taken place, and the litigation has not progressed beyond preliminary procedural matters.   Proceeding in this manner avoids duplicative litigation and the risk of inconsistent rulings.   Defendants therefore

Hon. Valerie E. Caproni
July 1, 2026
Page  3

have not identified a procedural or legal basis to suggest that Genius' voluntary dismissal or the filing of the Florida Action was improper or impermissible.

For the foregoing reasons, Genius respectfully requests that this Action be administratively closed in the ordinary course pursuant to Rule 41.

Very truly yours,

*/s/ Abe Alexander*
Abe Alexander

cc:    All Counsel of Record via ECF